IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MILLER, BECKY J. DUNKER, KIRSTIN EISMIN, and IAN D. HENRY, individually and as the representatives of a class of similarly-situated persons,<br><br>    Plaintiffs,<br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., and VOLKSWAGEN AG,<br><br>    Defendants. | Case No. 15 cv 10267<br><br>Judge **Durkin** |

## MOTION FOR STAY OF PROCEEDINGS

Defendant, Volkswagen Group of America, Inc., by and through its attorneys, JOHNSON & BELL, LTD., moves to stay proceedings in this case before this Court until the United States Judicial Panel on Multidistrict Litigation (JPML) panel issues a decision on whether to consolidate the Volkswagen "Clean Diesel" emissions cases. In further support of the motion, Defendant states as follows:

  1. Plaintiffs filed their complaint on November 12, 2015.

  2. Plaintiffs served summons upon Defendant Volkswagen Group of America, Inc., on November 11, 2015, and Defendant appeared on November 30, 2015.

  3. On September 29, 2015, the JPML issued a notice in MDL Docket No. 2672 to all involved counsel in the Volkswagen "Clean Diesel" marketing, sales practices, and products liability litigation. *See* Exhibit A. The notice

1

referenced three separate motions seeking centralization of the disputes pursuant to 28 U.S.C. § 1407. *See Id.* Those motions to consolidate were set for hearing at the Panel Hearing Session on December 3, 2015.[1]

4. The instant dispute does not appear on the schedule of actions appended to the September 29, 2015 notice; however, this case is a tag-along action in accord with Panel Rules 7.1 and 7.2. Moreover, Defendant filed a notice of related action before the JPML on November 19, 2015. *See* Exhibit B.

5. Consequently, should the JPML consolidate the Clean Diesel cases (which is likely), this case will presumptively be included in that consolidated multidistrict matter.

6. Although argument was heard on December 3, 2015, before the JPML, no decision was issued by the JPML regarding consolidation or the MDL venue. However, a ruling is expected by the end of the year.

7. Presently, there are no other motions pending before this Court that may mitigate against a stay of proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In the context of multidistrict litigation, when a party submits a motion to the MDL Panel for transfer and consolidation, a court may exercise its discretion to stay discovery, postpone ruling on pending motions or

---

[1] Over 175 separate motions or memoranda have been filed regarding transfer and consolidation of the Clean Diesel cases filed in MDL Docket No. 2672.

2

generally suspend further rulings." *Azar v. Merck & Co., Inc.*, No. 3:06-cv-0579 AS, 2006 U.S. Dist. LEXIS 78655, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *see also* Manual of Complex Litigation § 22.35, at 371 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

8. "When considering a motion to stay in this context, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Hill v. Medical Informatics Eng'g, Inc.*, 2015 U.S. Dist. LEXIS 137781, *3-4 (N.D. Ind. Sept. 25, 2015) (citations omitted).

9. Here, the requested limited stay of proceedings would not unfairly prejudice Plaintiffs. Further, if the action is not stayed, Defendant would incur hardship and inequity in that Defendant would likely be forced to litigate duplicative matters in numerous jurisdictions and venues. Lastly, the requested stay would save judicial resources as would consolidation of the Clean Diesel matters.

WHEREFORE, Volkswagen Group of America, Inc., asks this Court to stay proceedings in this dispute until the JPML issues a decision concerning consolidation of the Volkswagen Clean Diesel cases in MDL Docket No. 2672.

Dated: December 8, 2015

        Respectfully submitted,

        JOHNSON & BELL, LTD.

        By: /s/Garrett L. Boehm, Jr.
             One of the attorneys for Defendant,
             Volkswagen Group of America, Inc.

        James K. Toohey – ARDC No.: 2844624
        Garrett L. Boehm, Jr. – ARDC No.: 6269438
        Brian C. Langs – ARDC No.: 6306398
        JOHNSON & BELL, LTD.
        33 W. Monroe St., Suite 2700
        Chicago, Illinois 60603
        Telephone: (312) 372-0770
        Fax: (312) 372-9818
        Email: tooheyj@jbltd.com
               boehmg@jbltd.com
               langsb@jbltd.com

#4320224

## CERTIFICATE OF SERVICE

      I certify that on December 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the attorneys of record, and I certify that I have mailed by the United States Postal Service the document to the following non CMECF participant below:

Phillip A. Bock  
Julia L. Titolo  
BOCK & HATCH, LLC  
134 N. LaSalle St., Ste. 1000  
Chicago, IL 60602  
Tel. 312.658.5500  
phil@bockhatchllc.com  
Julia@bockhatchllc.com  

                    By: /s/Garrett L. Boehm, Jr.  
                          One of the attorneys for Defendant,  
                          Volkswagen Group of America, Inc.